# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

PANAMA CITY BEACH CONDOS,
LIMITED PARTNERSHIP, a Delaware
limited partnership,

      Plaintiff,

vs.                                                                                            CASE NO. 5:08cv136-RS-MD

ADJUSTERS INTERNATIONAL, INC.,
a Delaware corporation; ADJUSTERS
INTERNATIONAL COLORADO, INC.,
a Colorado corporation;

      Defendants.
_____/

## ORDER ON MOTION FOR REMAND

Before me is Plaintiff's "Motion For Remand Based on Lack of Subject-Matter Jurisdiction" (Doc. 7). Plaintiff contends that removal was improper because Plaintiff and one Defendant are citizens of the same state, thus depriving this Court of diversity jurisdiction. Defendants oppose the motion (Doc. 9).

### I.  Background

The parties dispute Defendants' entitlements to a portion of a judgment of approximately $41.5 million entered by this Court in case number 5:06cv198-RS-AK, *Panama City Beach Condos Limited Partnership v. Axis Surplus Insurance Company* (N.D. Fla. October 15, 2007). The judgment followed a jury verdict in

favor of Panama for damages caused by Hurricane Dennis to its high-rise condominium building on Panama City Beach, Florida, in July 2005.  The insurance company, Axis, had refused to provide coverage for the damages.  Panama retained Defendants Adjusters International, Inc., and Adjusters International Colorado, Inc. to adjust the claim.

Panama contends that although Adjusters failed to recover money for Panama in its adjustment of the claim, Adjusters nevertheless has improperly demanded five percent of the jury verdict.  The one-count complaint, initially filed in the Circuit Court of the Fourteenth Judicial Circuit In and For Bay County, Florida, and removed by Defendants to this Court on the basis of diversity jurisdiction, seeks a judicial declaration that Adjusters is not entitled to a commission of a percentage of the judgment and that Adjusters' interests in the proceeds, if any, are inferior to the interest of an unnamed bank, which holds a mortgage on the property.

The motion (Doc. 7) requests that this case be remanded to the state court in which it commenced for lack of subject matter jurisdiction.  The motion also requests that fees and costs be awarded to Panama as a result of the allegedly improper removal.  As grounds for remand, Panama contends that the sole basis for this Court's subject matter jurisdiction – diversity – does not exist because Panama and at least one Defendant – Adjusters International, Inc. – are both citizens of Delaware.  Accordingly, Panama contends that the "complete" diversity requirement set forth in 28 U.S.C. § 1332 is lacking, thereby depriving this Court of federal subject matter jurisdiction.

## II. Analysis

The two issues are whether (1) federal diversity jurisdiction exists under 28 U.S.C. § 1332 and (2) if not, whether Panama is entitled to its fees and costs incurred as a result of the improper removal under 28 U.S.C. § 1447(c).

### A. Diversity Jurisdiction

The removing party bears the burden of establishing the existence of federal jurisdiction. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001) (*citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)). Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete" diversity of citizenship. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (*citing* 28 U.S.C. § 1332 & *Carden*, 494 U.S. at 187).

Under Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . ." Because Defendant Adjusters International, Inc., was incorporated in Delaware, it is a citizen of Delaware.

Plaintiff Panama City Beach Condos, Limited Partnership, is a limited partnership organized under the laws of Delaware. "For purposes of diversity jurisdiction, a limited partnership is a citizen of each state in which one of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). Based on the affidavit of Claude J. Zinngrabe, Jr., attached as an exhibit to the motion (Doc. 7-2), Panama has one general partner and two limited partners. The two limited

partners, FSPP Panama, L.L.C., and FSPP Panama II, L.L.C., are both Delaware limited liability companies. "Like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Id*. at 1022. FSPP Panama, LLC, has two members, one of which is FSPP Panama TE, Inc., a Delaware corporation. FSPP Panama TE, Inc., is a citizen of Delaware because it is incorporated there. 28 U.S.C. § 1332(c). Accordingly, FSPP Panama, LLC, is a citizen of Delaware, and Plaintiff Panama City Beach Condos, Limited Partnership, is a citizen of Delaware. Complete diversity is therefore lacking, and subject matter jurisdiction does not exist in this Court. Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### B. Fees and Costs

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award under § 1447(c) is proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L Ed. 2d 547 (2005). The Eleventh Circuit stated in *Lost Mt. Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115-16 (11th Cir. 2007) that

> [p]ursuant to 28 U.S.C. § 1441, a defendant has reasonable grounds to remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. Original jurisdiction requires diversity of the parties or the existence of a federal question. 28 U.S.C. § 1441(b).

(*citing Geddes v. American Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). Quoting *Martin*, *supra*, the Eleventh Circuit has stated that:

> The reasonableness standard was ultimately the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Bauknight v. Monroe County*, 446 F.3d 1327, 1319 (11th Cir. 2006) (*quoting Martin*, 126 S. Ct. at 711).

Here, Defendants lacked an objectively reasonable basis to remove the case to this Court, and an award of costs and expenses under § 1447(c) is proper. Defendants acknowledged in paragraphs 1.A. & B. of the Notice of Removal (Doc. 1) that Plaintiff is a citizen of Delaware and that Defendant Adjusters International, Inc., is also a citizen of Delaware. Upon removal, Defendants thus implicitly conceded that complete diversity among the parties was lacking. Further, Defendants' response in opposition to the motion makes no reasonable argument in support of jurisdiction; Defendants' contentions run counter to the applicable statutes and decisional authorities that are binding on this Court. These dilatory tactics justify an award of costs and expenses under § 1447(c).

### III.  Conclusion

1. Plaintiff's "Motion For Remand Based on Lack of Subject-Matter Jurisdiction," including its request for costs and attorney's fees (Doc. 7), is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Fourteenth Judicial

Circuit In and For Bay County, Florida.

 3. The parties shall comply with N.D. Fla. Loc. R. 54.1 in determining the amount of attorney fees to be awarded under 28 U.S.C. § 1447(c).

 4. The motion to dismiss (Doc. 6) and the motion dropping party (Doc. 8) are **DENIED AS MOOT** for lack of jurisdiction, consistent with this order of remand.

 5. Per 28 U.S.C. § 1447(c), the clerk is directed to mail a certified copy of this order to the clerk of the Circuit Court of the Fourteenth Judicial Circuit In and For Bay County, Florida.

 **ORDERED** on June 4, 2008.

   /s/ Richard Smoak
   **RICHARD SMOAK**
   **UNITED STATES DISTRICT JUDGE**